UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case Number

ELIZABETH TRINIDAD and ALBERTO TRINIDAD,

         Plaintiffs,    Trial by Jury Demanded

 -against-

ZAFAR KHAN, M.D. and SAMUEL LEVIN, M.D.,  COMPLAINT

         Defendants.

------------------------------------------------------------------------X

## JURISDICTION:

 FIRST: The plaintiffs, ELIZABETH TRINIDAD and ALBERTO TRINIDAD are residents and citizens of the State of New Jersey, residing at 426 Central Park Drive, New Milford, New Jersey.

 SECOND: The defendant ZAFAR KHAN, M.D. (hereafter "KHAN") is a citizen and resident of the State of New York, maintaining his place of business at 130 East 18th Street. New York City, New York.

 THIRD: The defendant SAMUEL LEVIN, M.D. (hereafter "LEVIN") is a citizen and resident of the State of New York, maintaining his place of business at 103 East 86th Street, New York City, New York.

 FOURTH: That the jurisdiction of this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. ¶1332, and the amount in controversy exceeds $150,000.00, exclusive of costs and interest.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF

OF THE PLAINTIFF ELIZABETH TRINIDAD:

FIFTH:  That at and during all the times herein mentioned, the defendant KHAN was a physician and surgeon duly licensed to practice medicine in the State of New York.

SIXTH:  That at and during all the times herein mentioned, the defendant LEVIN was a physician and surgeon duly licensed to practice medicine in the State of New York.

SEVENTH:  That prior to, during, and subsequent to September 2001, plaintiff ELIZABETH TRINIDAD was under the medical and surgical care of both the defendant KHAN and the defendant LEVIN  for the treatment of a condition from which she was then suffering.

EIGHTH:  That on September 18, 2001, both the defendant KHAN and the defendant LEVIN performed surgery upon the plaintiff ELIZABETH TRINIDAD at the Lenox Hill Hospital, in New York City, New York.

NINTH:  That following the aforesaid surgery, the plaintiff ELIZABETH TRINIDAD continued under the medical care and treatment of the defendant KHAN for the effects  of the aforestated surgical procedure.

TENTH:  That following the aforesaid surgery, the plaintiff ELIZABETH TRINIDAD continued under the medical care and treatment of the defendant LEVIN  for the effects  of the aforestated surgical procedure.

ELEVENTH:  That the aforesaid surgery was performed carelessly and negligently by both of the defendants.

TWELFTH:  That as a result of the carelessness and negligence of the defendants, and each of them,  as aforesaid, the plaintiff ELIZABETH TRINIDAD was caused to sustain severe, permanent personal injuries, with resultant pain and suffering and loss of income.

THIRTEENTH:  That as a result of the aforesaid, the plaintiff ELIZABETH TRINIDAD has been damaged in a sum exceeding the jurisdiction of all lower Courts in the State of New York.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
<u>ON BEHALF OF PLAINTIFF ELIZABETH TRINIDAD:</u>

FOURTEENTH: Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the first cause of action of this complaint, with the same force and effect as though same were more fully set forth herein at length.

FIFTEENTH: That during the course of treatment and/or prior to the performance of any surgical procedure, or the rendering of any treatment,  the plaintiff ELIZABETH TRINIDAD was not informed by the defendants, their agents, servants and/or employees, of the complexity of her condition or of any dangerous aspect of the surgery which might develop.

SIXTEENTH: That the plaintiff ELIZABETH TRINIDAD was not informed of the risks, hazards and/or alternatives of treatment for the conditions from which she was suffering and of the effects to her life and/or internal parts, organs and tissues of the body, with the consequence that a valid, informed consent to such surgical procedure was not obtained by the defendants, their agents, servants and/or employees.

SEVENTEENTH: That there was no reasonable disclosure made by the defendants, their agents, servants and/or employees, to the plaintiff ELIZABETH TRINIDAD of all of the risks and perils associated with the surgery to be performed ,and the defendants, their agents, servants and/or employees,  failed wholly to present to the plaintiff ELIZABETH TRINIDAD sufficient facts so that she could give an intelligent and/or informed consent to such surgical procedure and treatment.

EIGHTEENTH: That a reasonably prudent person in the position of the plaintiff ELIZABETH TRINIDAD, under the circumstances, would not have undergone the surgical

procedure performed by the defendants if she had been fully informed; that the lack of informed consent is a proximate cause of the injuries for which recovery is sought.

NINETEENTH: That by reason of the foregoing, the plaintiff ELIZABETH TRINIDAD has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ALBERTO TRINIDAD:

TWENTIETH: Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the first and second causes of action of this complaint, with the same force and effect as though same were more fully set forth herein at length.

TWENTY-FIRST: That at all times herein mentioned, the plaintiff ALBERTO TRINIDAD was and still is the husband of the plaintiff ELIZABETH TRINIDAD, resides with her, and provides for her.

TWENTY-SECOND: That by reason of the foregoing, the plaintiff ALBERTO TRINIDAD has been and will continue to be denied the love, society, aid, comfort, companionship and consortium of his wife, and will be so deprived in the future, and has and will continue to be obligated for hospital, medical and miscellaneous expenses on her behalf.

TWENTY-THIRD: That as a result thereof, this plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiffs demand judgment against the defendants on the first, second and third causes of action of this complaint in sums which exceed the jurisdictional limits of all lower Courts, together with interest and the costs and disbursements of this action.

-5-

Dated: New York, New York        RICHARD FRANK, P.C.
       October 4, 2004

                                                      _____
                                                      Richard Frank (6365)
                                           Attorney for Plaintiffs
                                           110 East 59th Street - 23rd Floor
                                           New York, New York 1022
                                           Telephone (212 355-3900